Filed 5/17/22  P. v. Figueroa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079584 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD208806) |
| FRANKLIN FIGUEROA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Franklin Figueroa of second degree murder (Pen. Code,[1] § 187, subd. (a)) with a gang enhancement (§ 186.22, subd. (b)(1)).  Two serious felony prior convictions were also found true.

---

[1]     All further statutory references are to the Penal Code.

Figueroa was sentenced to prison for 15 years to life, plus 10 years for the serious felony priors.

Figueroa appealed and this Court affirmed the conviction in an unpublished opinion, *People v. Figueroa*, D055559 (Nov. 19, 2010).

In 2021, Figueroa filed a petition for resentencing under section 1170.95. The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court denied the petition by written order. The court found from the review of the record that the trial jury was not instructed on natural and probable consequences of felony murder. Thus, the court found Figueroa was not eligible for resentencing under section 1170.95 as a matter of law.

Figueroa filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Figueroa the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The facts of the offense are set forth in our prior opinion. We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal: Was there a basis to find Figueroa eligible for relief under Senate Bill No. 1437? Was there compliance with the

2

statutory requirements set forth in section 1170.95?  Whether there was error in relying on the Court of Appeal opinion.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Figueroa on this appeal.

DISPOSITION

The order denying Figueroa's petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.

3